JAMES PULLIAM, Appellant, *v.* ANDREW CHRISTY, Appellee.

APPEAL FROM MONROE.

Where a husband, by will, devised to his wife, for her sole use and benefit, all his personal property, also, " to have and to hold, during her natural life, the land that I now own and reside on, to occupy and to use the said land, in the same way as it would be lawful for her to do, if the title were full and complete in her ;" he also further devised, to take effect at the death of his wife, two other tracts, part and parcel of the land on which he resided, to the children of two of his nephews, by metes and bounds, and then proceeded, " and the land not included in the above bequest, I give and bequeath to my dearly beloved wife, to dispose of, at her death, to any person she may think best to live with her and take care of her ;" the only land owned by the devisor being the homestead, it was held, that a deed in fee simple, by the wife, of this land, another party being then in possession, could only take effect upon her death, and that she could not dispose of her life estate.

The facts of this case are fully stated in the opinion of Mr. Justice BREESE.

UNDERWOODS, for Appellant.

GEORGE TRUMBULL, for Appellee.

BREESE, J. Joseph Ogle, of St. Clair county, on the fourth day of October, 1841, made his last will and testament, which was duly proved, Sept. 21, 1846, and recorded. He devised, by this will, to Lucy Ogle, his wife, as follows: "For her sole use and benefit, all my personal property, of every kind and description whatsoever." "Also, I give and bequeath to the above named Lucy Ogle, to have and to hold during her natural life, the land that I now own and reside on, to occupy and to use the said land in the same way as it would be lawful for her to do if the title were full and complete in her." He further devised, to take effect at the death of his wife, two other tracts, part and parcel of the land on which he resided, to the children of two of his nephews, by metes and bounds, and then proceeded: "and the land not included in the above bequest, I give and bequeath to my dearly beloved wife, Lucy Ogle, to dispose of at her death to any person she may think best to live with her and take care of her."

It is stipulated between the parties, that the only land the testator owned at the time of making this will, and at the time of his death, was the land on which he resided—the homestead.

On the 12th of June, 1854, the devisee, Lucy Ogle, executed a deed in fee simple of this land to Andrew Christy, the appellee, the appellant being then in possession of a part of it.

Christy brought his action of ejectment against the appellant to the August term, 1855, of the St. Clair Circuit Court, where, on trial of the issue of not guilty by the court, I then presiding as Circuit Judge, this deed was excluded as evidence, and it may be proper for me now to say, for the reason, that it was shown on that trial that the testator had no other land but "the homestead," in which he had devised a life estate to his widow, Lucy Ogle, with no power to dispose of the same during her life, the leading intention of the testator seeming to be to provide her a home, which should be inalienable whilst she lived, with power to dispose of the fee in the whole if it became necessary to make further provision for her easy and comfortable maintenance, and that therefore the deed to Christy, depriving her of this home, to avoid defeating this intention of the testator, should not take effect until after the death of Lucy Ogle, the intention of a testator being the governing principle in the construction of wills.

Judgment passed for the defendant, and on error brought by Christy to this court, the judgment was reversed. *Christy* v. *Pulliam*, 17 Ill. R. 59, and the cause remanded.

A change of venue, by consent, was had to Monroe county, where, at the September term, 1857, of the Circuit Court of that county, another trial was had on the same issue. I presided at

that court also, and obeying the directions of this court, I admitted the deed as evidence, found the defendant guilty, and gave judgment for the plaintiff that he recover the fee. From this judgment Pulliam now prosecutes this appeal, and we are called upon to review the first decision of this court to which we have referred.

There is no difficulty or misunderstanding about the doctrine of powers, or how they may be executed; nor was it ever doubted in this case, that Christy, as the appointee under the power, derives his title, not under the person executing the power, but under the will. He takes under the testator, most certainly, and it follows as a necessary consequence that thus taking, the intention of the testator must give the color to his rights, and limit and control them.

It cannot be denied, that the leading object the testator had in view, was to provide a home and necessary comforts for his wife, of which she could not be deprived during her life, giving her no power, while she lived, to defeat this " purpose so grateful to the heart of a dying husband." This was provided for in the most ample manner, and sustains the view taken by the Circuit Court on the first trial. Were the deed of Lucy Ogle declared now operative, this object of the testator's greatest solicitude, and of his generous bounty, could be turned houseless upon the world. If by giving to it a present, operative power, he is enabled to oust the appellant, by the same power can he, at once, deprive her of her home.

It is apparent, from an examination of the opinion delivered, that the court entertained the idea that there were other lands devised besides the homestead, for they say, " the deed conveys a fee, and there is no proof in the record that the lands described in the deed and declaration are the homestead, in which the grantor took a life estate as devisee under the will. The question, therefore, does not arise upon this record as to the effect of the execution of the power upon the life estate in the homestead. The land described may be the same, in whole or in part; but as the will did not describe it by numbers, and no witness has deposed to its identity, we cannot identify it. The plaintiff must recover, according to his allegations, a fee or nothing." Pages 62, 63.

Now, had not the court been misled as to the land really devised—that it was the homestead and nothing else, as stipulated in this case, we apprehend they would have affirmed the first judgment.

It now appearing that the life estate was of the same land which Lucy Ogle was empowered to sell by the terms of the will, and it clearly appearing it was the intention of the testator

she should not dispose of her life estate, the deed she has made to the appellee can only take effect at her death, in which event it will operate to convey the fee, and not before.   14 Ill. R. 246.

The judgment of the Circuit Court is therefore reversed and the cause remanded.

*Judgment reversed.*