## P. J. SEXTON
### v.
### THE CHICAGO STORAGE COMPANY ET AL.

*Landlord and Tenant—Sub-Lease or Assignment—Priority—Practice—Modification of Decree.*

1.   Where a lessee conveys the whole of his unexpired term, reserving rent at a different rate, and providing for the surrender to himself at the expiration of the term, or sooner determination thereof by forfeiture or otherwise, such conveyance is a sub-lease and not an assignment.

2.   There being no privity of contract or estate between the superior landlord and an under-tenant, the former can not maintain an action against the latter to recover rent due from the original lessee.

3.   Upon appeal from a decree dismissing a bill against a corporation and its stockholders for want of equity, this court modifies the decree, *ex gratia*, by ordering the dismissal without prejudice, but allows costs to the appellees.

[Opinion filed January 16, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon EGBERT JAMIESON, Judge, presiding.

Mr. ALEXANDER S. BRADLEY, for plaintiff in error.

Messrs. KENNETH R. SMOOT, and MONK & ELLIOTT, for defendants in error.

If the transfer from Frank Cole to the corporation defendant was a sub-lease, and not an assignment, the company is not liable to complainant in any form of action. An undertenant is not liable to the original lessor upon the lessee's covenant to pay rent. Quackenboss v. Clarke, 12 Wend. 555; Harvey v. McGrew, 1 Hilt. 154; Holford v. Hatch, 1 Doug. 183. Nor for use and occupation." Bancroft v. Wardwell, 13 Johns. 488; Hall v. Southmayd, 15 Barb. 32; Way v. Holton, 46 Vt. 184; Krider v. Ramsey, 79 N. C. 354; Merrill v. Bullock, 105 Mass. 486. Nor in trespass.

The company is not liable either for rent or for use and occupation even to Frank Cole, its immediate lessor. Failing to secure to it the undisturbed possession of the premises for the whole term, he could not have compelled it to indemnify him for rents advanced by him to Sexton during its occupancy. Crouch v. Tregonning, 7 L. R. Ex. 88; Chamberlain v. Donahue, 44 Vt. 57; Greten v. Smith, 33 N. Y. 245.

The condition in original lease forbidding assignment was never waived by Sexton, hence the company never became liable as assignee. Bliss v. Gardner, 2 Ill. App. 422; Wadham v. Marlowe, 8 East, 314.

An examination of the authorities will show the error of complainant's counsel in assuming that the contingent reversionary interest created by the covenants referred to is only sufficient to create a sub-lease between the immediate parties to the instrument. As between them, no reversionary interest of any kind is requisite for that purpose, and in every one of the cases above cited the controversy arose between the original lessor, on the one part, and the lessee, or alleged sub-lessee or assignee, on the other, and the question was whether, as against original lessor, the instrument operated as a sub-lease or as an assignment.

GARY, J. In the spring of 1885 the plaintiff demised to one Frank F. Cole certain premises, the term to expire on the

Sexton v. Chicago Storage Co.

1st day of May, 1888. Cole demised to the storage company for a term expiring at the same time. The latter lease contained a covenant to surrender to Cole at the end of the term, or sooner determination thereof by forfeiture. A power of re-entry is reserved to Cole, and the rent payable to him differs from that in the lease to him. This lease did not operate as an assignment of Cole's term, but took effect as an under lease. The reasons for thus permitting the contracts of the parties to have the effect they themselves intended are so fully stated in the cases cited below, and would fill so much space if repeated, that it is enough to refer to the cases. Collins v. Hasbrouk, 56 N. Y. 157; Dunlap v. Bullard, 131 Mass. 161.

This bill, filed by the plaintiff on behalf of himself and all other creditors of the storage company against the company and the stockholders, therefore fails, upon the ground that he is not a creditor of the company, there being no privity of contract or estate between the superior landlord and under tenant. Taylor's Landlord and Tenant, Sec. 448. Nor can the plaintiff have any benefit from the vague and uncertain ground of equity jurisdiction stated in Story's Eq. Jur., Sec. 687, and referred to in Taylor's Landlord and Tenant, 659. The record shows that the plaintiff had resumed possession of the premises before this bill was filed, and had suits in attachment pending against Cole for the accrued rent, in which suits the company is garnished, and the question whether the company owed Cole is pending in those suits. If it did, the plaintiff may, in those suits, recover judgment against the company, and if, on execution, he can not collect them, he will have a standing in court against the stockholders. If the company did not owe Cole, it is not liable either in law or equity.

The bill was rightfully dismissed for want of equity, but, as the case shows that litigation in various forms is pending at law, this court will, to prevent any embarrassment to the plaintiff in other cases, modify the decree by ordering that the dismissal is without prejudice to any remedy or defense that the plaintiff may have at law.

The appellees will, however, recover their costs in this court, as this modification is *ex gratia*.        *Decree modified.*