## HENRY A. CORS

### v.

## WALTER H. TOMPKINS.

*Injunctions.*

1. Where a perpetual injunction is the only relief sought, an order dissolving a temporary injunction is appealable as a final decree.

2. If other relief than simply an injunction is sought, no appeal lies while the suit is pending.

[Opinion filed November 7, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. KELSEY & LAZARUS, for appellant.

Mr. W. R. BURLEIGH, for appellee.

MR. JUSTICE GARY. The appellant filed a bill asking that appellee be decreed to place a promissory note in a specified custody, for a specified purpose, and that in the meantime he be restrained from disposing of it. A temporary injunction was issued and afterward dissolved by the Superior Court, and from the order so dissolving the injunction this appeal is prosecuted. The appellee moves to dismiss the appeal. The injunction was only in aid of the final relief sought—to keep the note where it would ultimately be under the control of the court, for the purpose of the final decree. However illogical it may be to hold that where a perpetual injunction is the only relief sought, an order dissolving a temporary injunction is appealable as being a final decree, yet to that extent we are bound by authority. Titus v. Mabee, 25 Ill. 257.

In such a case, the bill not being dissolved, the lower court could doubtless retrace its steps, reinstate the injunction, and go on with the suit, while this court might be reviewing as a final decree, an order no longer in force,

But if other relief than simply an injunction is sought, no appeal lies while the suit remains pending. Pentecost v. Magahee, 4 Scam. 326.

The appeal is dismissed.

*Appeal dismissed.*