JAMES CLABBY ET AL.

v.

CHARLES W. SHELDON AND J. H. CARNEY.

*Schools—Injunctions to Restrain Erection of School House—Dissolution of Interlocutory Injunction—Practice—Appeal and Error.*

1.  The hearing on a motion made in accordance with the provisions of Secs. 15, 16, 17, 18, 19 and 20, Hurd's Revised Statutes, Chap. 69, page 802, is not contemplated to be final on the merits of the case where facts are in issue.

2.  A temporary injunction having been granted in a given case, affidavits filed in support of a motion to dismiss not agreed to be read in evidence as upon final hearing, a given court can not consider them as evidence, upon such hearing.

3.  No appeal can be taken from an order dissolving a temporary injunction, unless the cause has been submitted on its merits, and the injunction then dissolved. In such case, it would not be necessary to enter a formal decree dismissing the bill to authorize an appeal.

4.  Where a bill sets up valid grounds for relief and temporary injunction is granted, and upon the coming in of an answer and affidavits denying the allegations of the bill, the injunction is dissolved, it does not follow that the bill should be dismissed.

5.  An appeal will not lie from an interlocutory decree dissolving an injunction; but a decree dissolving an injunction may be either interlocutory or final. It will be final where no other relief is sought than an injunction, and where it is dissolved for want of equity on the face of the bill; but such an order of dissolution will not be regarded as final where there has been an answer or replication, and there is equity on the face of the bill and the hearing not final on its merits, but only on motion alone, or where there is other relief sought.

6.  In the case presented, this court holds as erroneous the dismissal of the bill upon entering the order dissolving the injunction and that the bill should have been set down for trial.

7.  Where upon hearing in such case the proof shows that the equities were with the complainant, the temporary injunction should be revived and made perpetual.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Clabby v. Sheldon.

Messrs. McILDUFF & TORRANCE, for appellants.

Messrs. H. H. McDOWELL and G. W. PATTON, for appellees.

MR. JUSTICE LACEY. The appellants filed their bill in equity against appellees seeking injunction against them, school directors, and their contractor, from building a school house at a certain point and from carrying out the contract generally. The bill is based on certain alleged irregularities and omissions in the vote by which the school house was authorized to be built and site purchased, also want of notice to appellant Clabby, one of the directors, of a meeting called to purchase a school-house site and to let the contract. The respondents, the appellees here, answered, putting in issue the material allegations of the bill, a temporary injunction having been granted according to the prayer of the bill.

Upon the coming in of the answer and replication the appellees moved the court to dissolve the injunction, which motion the court took under advisement. The appellees supported their motion by their answers and certain affidavits of various witnesses which were taken and filed with the court.

The court thereupon, on the 5th day of January, 1892, at the January term of the court, after a full hearing of said motion, dissolved the said injunction and dismissed the bill, retaining, however, the said bill for the purpose of assessing damages on the injunction bond. It will be perceived that the cause was not submitted to the court for final hearing on its merits, nor were the affidavits on file agreed by the appellants to be read in evidence as upon final hearing, and without such agreement the court could not consider them as evidence upon such hearing.

The motion to dissolve the temporary injunction was made under Secs. 15, 16, 17, 18, 19 and 20, Hurd's Revised Statutes, Chap. 69, page 802. The hearing on a motion made in accordance with the provisions of these sections is not contemplated to be final on the merits of the case where facts

are in issue. Section 20 provides that "depositions taken upon a motion to dissolve an injunction may be read in the final hearing of the case."

It will be seen therefore that *ex parte* affidavits may not be thus read. From an examination of the record and the above provisions of the statute, it will be seen that all that was submitted to the court by the parties was the motion to dissolve the temporary injunction, and that was the only question the court should have passed upon; and if the injunction was dissolved, as it was, the bill should have been retained for final hearing on its merits. The dissolution of the injunction by no means settled the case, for upon a final hearing on the evidence, had it appeared that allegations of appellants' bill were sustained, then the court should have revived the injunction and made it perpetual. The court passed upon the merits of the bill when that question was not submitted to it. It should only have passed on the question of the dissolution of the temporary injunction. Had the court not dismissed the bill the cause would not be properly before us, for no appeal could be taken from an order dissolving a temporary injunction, unless the cause had been submitted on its merits, and the injunction then dissolved. In such case it would not be necessary to enter a formal decree dismissing the bill to authorize an appeal. In the case of Prout v. Lomer, 79 Ill. 331, it was held that an appeal would lie from an order dissolving an injunction where the only relief sought was an injunction. In the above cited case it was held that there was no equity on the face of the bill, admitting all the allegations to be true. It was an attempt of a principal maker of a note to enjoin a bank from collecting it, against the maker, because the bank held it as collateral, to secure a debt from the payee and it was averred that the bank held other and ample security for the payment of its debt and that as between complainant and the payee, the note was fraudulent. The court held that as the maker of the note sought to be enjoined was not a surety on it, but principal, he had no standing to compel the bank to resort to collaterals for its payment and affirmed

the decree of the court below. Where a bill sets up valid grounds for relief and temporary injunction is granted, and upon the coming in of an answer and affidavits denying the allegations of the bill, the injunction is dissolved, it does not follow that the bill should be dismissed. Beam v. Denham, 2 Scam. 58; Martin v. Jamison, 39 Ill. App. 248; Gillet v. Booth, 6 Ill. App. 429.

In no case can a bill be heard on its merits on the bill and answer except where replication is not filed within four days from filing the answer; and after filing it the cause is ready for hearing and may be heard, but in the latter case there must be proof taken in the regular way. Chap. 22, Sec. 28, Hurd's R. S. 220.

But on the coming in of the answer prior to final hearing the defendants may move to dissolve the injunction either in vacation or term time, either on the testimony or for want of equity on the face of the bill. Sec. 14 and 15, Chap. 69, pages 301 and 302 Hurd's R. S. An appeal will not lie from an interlocutory decree dissolving an injunction. Prescott v. Magehee, 4 Scam. 326. But a decree dissolving an injunction may be either interlocutory or final. It will be final where no other relief is sought than an injunction, and where it is dissolved for want of equity on the face of the bill. Prout v. Lomer, 79 Ill. 331; Titus v. Mabee, 25 Ill. 232; Prescott v. Magehee, *supra*. But such an order of dissolution will not be regarded as final where there has been an answer or replication, and there is equity on the face of the bill and the hearing not final on the merits, but only on motion alone or where there is other relief sought. Beam v. Denham, 2 Scam. 58, and other cases cited. In the case at bar there was no final hearing on its merits. The motion to dissolve the injunction before that time ordered was submitted to the court, but the injunction was not dissolved for want of equity on the face of the bill. Among other things it was charged in the bill and denied in the answer that Clabby, one of the school directors, and one of the appellants, had no notice of the letting of the contract to build the school house sought to be enjoined and that the contract

was fraudulent, the house being let at $1,000, when in fact it should cost only $800. These were vital questions of fact.

The court therefore erred in dismissing the bill upon entering the order dissolving the injunction. The bill should have been set down for trial.

Upon such hearing, the proof may have shown that the equities were with the appellants, in which case the injunction should have been revived and made perpetual. The bill being improperly dismissed, upon which grounds alone any appeal were allowable in the case, the correctness of the action of the court in entering the interlocutory order, as we hold it to be, dissolving the injunction, is not a question proper for us to pass on at this time; we therefore omit to do so. The decree dismissing the bill is therefore reversed and the cause remanded to the Circuit Court for final hearing on the merits of the case upon such evidence as the parties to the suit may be advised it is necessary to introduce.

The decree is therefore reversed and the cause remanded.

*Reversed and remanded.*