**Louisa E. Brown v. The American Stone Press Brick Manufacturing Company, John M. Dunphy, M. D. Coffeen, Mellie B. Coffeen, F. H. Herr and The Belmont Loan and Building Association.**

1. APPEAL—*On Dismissal of a Bill for an Injunction.*—Where, in a bill in chancery, the only remedy sought is an injunction, the dissolution of the injunction is in effect a final order, denying all relief sought. The complainant may dismiss the bill and appeal. In such case the appeal will bring up the question of the propriety of the order of dissolution.

2. EXCEPTIONS — *Not Necessary in Chancery.* — Exceptions to the action of the court are not necessary in chancery practice.

3. INJUNCTION—*When an Order of Dissolution is not Final.*—When a bill prays for relief other than by injunction, and without such other relief the injunction would be useless, the order of dissolution is not final.

4. CHANCERY PRACTICE—*Order Dismissing the Bill Implies What.*— An order dismissing a bill for want of equity involves the idea that the court has considered the bill and finds no equity in it.

5. COSTS—*On an Order Ex Gratia.* —Where an order *ex gratia* is made in the Appellate Court it may award costs to the adverse party.

**Memorandum.**—Bill for injunction. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1894, and decree modified. Opinion filed March 26, 1894.

The opinion states the case.

BRIEF OF PLAINTIFF IN ERROR, L. E. MILLER AND SELDEN FISH, ATTORNEYS.

The motion to dissolve the injunction for want of equity on the face of the bill amounts to a demurrer and necessarily admits all the allegations of the bill to be true. Weaver v. Payer, 70 Ill. 567; Vieley v. Thompson, 44 Ill. 9.

BRIEF OF DEFENDANTS IN ERROR, WILBER, ELDRIDGE & PINNEY, ATTORNEYS.

The dissolution of an interlocutory injunction being discretionary, is not error when the bill seeks other relief. Such order is appealable only when the injunction is the sole relief sought, no other remedy being asked for. Titus v. Maybee, 25 Ill. 232; Marble v. Banhotel, 35 Ill. 240; Higgins v. Bullock, 73 Ill. 205; C., B. & Q. R. R. v. Cole, 75 Ill. 591; Hummert v. Schwab, 54 Ill. 142; Gillett v. Booth, 6 Brad. 423; Farrell v. McKee, 33 Ill. 226; Elgin City Banking Co. v. Eaton, 3 Brad. 432.

It is error to grant an injunction on bill where it is not asked specifically in prayer for relief, and also in prayer for process. High on Injunction, Sec. 1593; Primmer v. Patten, 32 Ill. 528; College C. & R. C. v. Moss, 72 Ind. 139; Jefferson v. Hamilton, 69 Ga. 401.

Injunction being a harsh remedy, a clear case requiring it must be made out; positive knowledge of facts showing how and why irreparable injury will ensue without injunction. Argument, inference or belief of injury is not sufficient; positive averment of matters, not fears of complainant. The court must know circumstances showing

irreparable injury. High on Injunction, Sec. 1589; Plough v. Boyer, 38 Ind. 113; Cook v. Miller, 26 Ill. App. 421; McHenry v. Jewett, 90 N. Y. 58; Goodwin v. N. Y. & N. H. R., 43 Conn. 494; Bogert v. Haight, 9 Paige, 297; Perkins v. Collins, 2 Green's Ch. 482.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Plaintiff in error filed in the Superior Court a bill setting forth the obtaining from her by fraudulent practices of certain certificates for stock in a building and loan association.

The bill asked that the holder of the certificate be enjoined from transferring the same, and offering, if the court thought she ought, to surrender what she had received therefor; asked that the certificate be returned to her. A preliminary injunction having been granted, the same was, on motion of the defendants, dissolved, whereu[ o ], as appears from the record, upon motion of the complainant, the bill was dismissed for want of equity.

Thereupon the complainant sued out a writ of error. Had the bill been purely an injunction bill, that is, had the only remedy sought been an injunction, after the dissolution of the injunction, that being in effect a final order, denying all relief sought, the complainant might have dismissed her bill and appealed or taken out a writ of error; such appeal or writ would in such case have brought up the question of the propriety of the order of dissolution. Titus v. Maybie, 25 Ill. 257. And this without the taking of an exception. Exceptions to the action of the court are not necessary in chancery.

The bill in the present case, asking, as it did, for relief other than by injunction, and it being manifest that other relief was necessary to the complainant—indeed, that without other relief the injunction would be useless, the order of dissolution can not be considered a final one.

The bill presents a case of great and we may say cruel imposition. If the things therein alleged are true, the complainant ought to find a remedy. Whether, as the case now

stands, she has any, we are not called upon to say; it may be that the building and loan society, having notice of her claims, would not be protected in recognizing any person other than the complainant as the owner of the certificate.

The motion of complainant to dismiss the bill for want of equity, seems to have been a mistake. A complainant does not, understandingly, dismiss his bill for want of equity; if he dismiss when there has been no hearing, as in this case, he ordinarily dismisses without prejudice.

An order dismissing a bill for want of equity involves the idea that the court has considered the bill and finds no equity in it.

In the present case, no pleading had been filed by any of the defendants; no evidence had been heard; the court therefore considered only the propriety of maintaining the injunction.

Under the circumstances the bill should not have been dismissed for want of equity.

The abstract filed by plaintiff in error is insufficient, being as to much of the record a mere index.

This being an equity case, this court will modify the decree by ordering that the dismissal of the bill be without prejudice.

This order being *ex gratia*, the defendants in error will recover their costs in this court. Sexton v. Chicago Storage Co., 30 Ill. App. 95.

Decree modified.