## Northwestern Brewing Co. et al. v. Margaret Manion.

1. APPEALS—*From Orders Dissolving Injunction.*—An appeal does not lie from an order dissolving an injunction unless the injunction is the only relief sought, or there has been a final decree entered disposing of the bill.

2. INJUNCTION—*Continuance on Appeal.*—The Appellate Court will not continue an injunction on an appeal where it has no jurisdiction of the appeal.

**Bill,** for injunction. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Motion to continue an injunction denied. Opinion filed October 7, 1896.

LACKNER & BUTZ, attorneys for appellants.

No appearance for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants filed, in the Circuit Court, a bill of interpleader, and obtained an interlocutory injunction, which that court afterward dissolved.

From the order dissolving the injunction this appeal was prayed and allowed.

No final decree disposing of the bill has been made; the suit is still pending in the Circuit Court.

From an order dissolving an injunction no appeal lies, unless an injunction be the only relief sought by the bill. Cors v. Tompkins, 46 Ill. App. 322; Clabby v. Sheldon, 47 Ill. App. 166; Brown v. American Stone Press Brick Mfg. Co., 54 Ill. App. 647.

The ultimate relief sought by this bill is that Stone & Co. and the appellee shall interplead, so that the appellants may safely pay rent to one or the other, and the injunction was to prevent both of them from molesting the appellants in the meantime. The injunction was merely auxiliary, to preserve the *statu quo.*

We are now asked to continue the injunction under the provisions of Sec. 21, Ch. 69, R. S.

Having no jurisdiction of the appeal, we could not continue the injunction, even if there were ground for it. But as we read the record, there is no such ground. Stone & Co. have no interest in the premises; only a contract with Manion for an agency for her. If she breaks her contract, their redress, if any, is against her.

Payment to her will be a good defense to any proceeding against the appellants, as such proceedings can be only in her name, and for her own use. Nothing operating as an assignment of the rent to Stone & Co. appears in the record.

The motion to continue the injunction is denied.