384    APPELLATE COURTS OF ILLINOIS.

VOL. 79.]    C., P. & St. L. R. R. Co. v. St. L., P. & N. Ry. Co.

## Chicago, P. & St. L. R. R. Co. v. St. L., P. & N. Ry. Co. and The National Switch and Signal Co.

1. PRACTICE—*Where Issues of Fact Are Formed.*—Where issues of fact are formed, it is the right of the parties, unless waived, to have the evidence heard, either by deposition or orally, in open court, and thus secure the right of cross-examination of the witnesses.

2. SAME—*Issues of Fact and Final Decrees.*—Where a cause with issues of fact formed is not submitted for hearing upon the merits, the court can not enter a final decree.

**Bill for an Injunction.**—Appeal from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1898. Dismissed. Opinion filed December 2, 1898.

BLUFORD WILSON and PHILIP BARTON WARREN, attorneys for appellant.

CONKLING & GROUT, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant filed its bill in equity against appellees, setting forth a state of facts upon which it prayed the court that appellee railroad company might be perpetually enjoined and restrained from interfering, or attempting to connect with a certain interlocking plant and tower machinery described in the bill, and for general relief, and also for a temporary injunction writ. The temporary injunction was ordered by the master in chancery and duly issued. Afterward answers were filed to the bill, and replications to the answers, thus forming issues of fact to be tried by the court, whereupon appellees filed a motion to dissolve the injunction, assigning as a reason therefor, among others, that the material allegations of the bill were denied by the answers, and that grounds were by such answers shown why the temporary injunction should be at once dissolved.

This motion was heard by the court upon the bill, answers, replications and affidavits, presented and read to the court by the parties, in support of the bill and answers, respect-

ively. The court, upon the hearing so had, sustained the motion to dissolve the temporary injunction, and entered its order dissolving the same, from which order appellant has prosecuted this appeal.

Appellees have moved this court to dismiss the appeal herein, and insist as a reason therefor that there was no final hearing or decree upon the merits, and that the order dissolving the temporary injunction merely, is interlocutory, from which an appeal is unauthorized. In answer to this it is contended by appellant that, the bill being for an injunction distinctively, the order made by the court is, in legal effect, a final order.

Had the motion to dissolve the injunction been confined to the facts appearing upon the face of the bill, we might be disposed to adopt the view so earnestly presented by counsel for appellant. But the bill was answered, and such answers replied to, and issues of fact thus presented for determination by the court, and, unless by consent of the parties, it would have been improper for the court to enter upon a final hearing of such issues of fact upon the *ex parte* affidavits presented. The only issue presented by the motions was whether the temporary injunction should remain in force until the cause was heard upon its merits. Where issues of fact are formed in the case, it is the right of the parties, unless waived, to have the evidence heard, either by deposition or orally, in open court, and thus be secured in the right of cross-examination of the witnesses. In Clabby v. Sheldon, 47 Ill. App. 166, the issues were formed by answer and replication, and a motion to dissolve the injunction therein was heard upon affidavits, as in the case presented. The court sustained the motion, dissolved the injunction and entered its decree dismissing the bill, and it was held such decree was erroneous, for the reason the cause had not been submitted to be heard upon the merits. This cause not having been submitted to be heard upon the merits, the court was not permitted to and did not enter a final decree.

The appeal will therefore be dismissed.