### H. B. W. Kallista, Appellant, v. Mary J. Ahalt, Appellee.

INJUNCTIONS—*when error to dismiss bill upon dissolution of temporary.* Where the only relief sought by a bill in equity is an injunction and a temporary injunction has been issued, a motion to dissolve such injunction for want of equity appearing upon the face of the bill operates as a demurrer to the bill, and upon the granting of such motion the bill may properly be dismissed, but where the bill alleges facts, which, if true, entitle the complainant to the relief prayed, even though such relief be by injunction only, and a hearing is had upon a motion to dissolve a temporary injunction issued upon such bill, and such motion is granted upon a consideration of *ex parte* affidavits, the bill should not be dismissed but should be retained for a final hearing upon the merits according to the usual practice in courts of equity.

Bill in equity. Appeal from the Circuit Court of Adams county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

BROWN & SOULE and VANDEVENTER & WOODS, for appellant.

WALTER H. BENNETT, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On November 14, 1908, appellant filed his bill in equity in the Circuit Court of Adams county, wherein he alleged that he was the owner of a certain quarter section of land and that the appellee was the owner of another quarter section of land adjoining the land of appellant on the west; that the natural slope of said land was toward the southwest, and that surface water from rains and overflow from creeks, naturally flowed in a southwesterly direction over and across appellant's land to and upon the land of appellee, which was lower than and servient to appellant's land; that about November 1, 1908, appellee began to construct a levee of earth, four feet high and eight feet wide at the base, from the north line of her land to the south line thereof, and immediately west of the line dividing her land from the land of appellant; that appellee had already completed said levee, save and except about 600 feet thereof, and threatened and was proceeding to complete the same with the intention of perpetually maintaining the same; that the construction and completion of said levee would wrongfully hinder and obstruct the natural flow of surface water from the land of appellant to the land of appellee, and cause ponds or lakes to be formed on appellant's land to his great and irreparable damage. The bill prays for a temporary injunction and that upon the final hearing thereon, appellee be permanently enjoined from maintaining said levee and from making any extension thereof. In pursuance to notice served upon appellee of the application therefor, a temporary injunction was issued in accordance with the prayer of the bill on November 14, 1908. Thereafter, appellee filed her answer denying the truth of the several allegations in the said bill, to which answer appellant filed a general replication. On December 16, 1908, appellee filed her motion to dissolve said temporary injunction, and in pursuance to notice said motion was heard by the chancellor upon the bill, answer, replication, and numerous affidavits filed by the respective parties in support of the sev-

eral allegations of the bill and answer. Upon such hearing the chancellor entered a decree dissolving the temporary injunction and dismissing the bill for want of equity.

It is not now necessary to determine whether the action of the chancellor in dissolving the temporary injunction upon a consideration of the facts averred in the several affidavits was justified or not, but we are of opinion that it was error to dismiss the bill for want of equity before a final hearing was had, where an opportunity would be given to the respective parties, by direct and cross-examination of the several witnesses produced, to elicit the true state of facts in the case.

The facts alleged in the bill, if true, entitled appellant to the relief sought, and we do not understand that appellee seriously contends to the contrary. That the decree dissolving the temporary injunction, and dismissing the bill for want of equity was predicated upon a consideration and determination of the issues of fact involved is manifest from the language of the decree, that "the court having read said bill and answer and the affidavits accompanying the same, and having heard the arguments of counsel, and being fully advised in the matter, doth find that the material allegations of said complainant's bill of complaint have not been sustained by the evidence herein, and that the equity of the cause is with the defendant." Where the only relief sought by a bill in equity is an injunction, and a temporary injunction has been issued, a motion to dissolve such injunction for want of equity appearing upon the face of the bill operates as a demurrer to the bill, and upon the granting of such motion the bill may properly be dismissed, but where the bill alleges facts, which, if true, entitle the complainant to the relief prayed, even though such relief be by injunction only, and a hearing is had upon a motion to dissolve a temporary injunction issued upon such bill, and such motion is granted upon a consideration

of *ex parte* affidavits, the bill should not be dismissed but should be retained for a final hearing upon the merits according to the usual practice in courts of equity. Clabby v. Sheldon, 47 Ill. App. 166; C. P. & St. L. R. R. Co. v. St. L. P. & N. Ry. Co., 79 Ill. App. 384; Field v. Village of Western Springs, 181 Ill. 186; Goddard v. C. & N. W. Ry. Co., 202 Ill. 362; Cahill v. Welch, 208 Ill. 57.

For the error in finally dismissing the bill, the decree is reversed and the cause remanded.

*Reversed and remanded.*