## H. B. W. Kallista, Appellee, v. Mary J. Ahalt, Appellant.

APPEALS AND ERRORS—*when finding of chancellor not disturbed.* Findings of fact by a chancellor will not be set aside unless manifestly against the weight of the evidence in the absence of intervening error.

Bill in equity. Appeal from the Circuit Court of Adams county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

WALTER H. BENNETT, for appellant.

W. L. VANDEVENTER, BROWN & SOULE and GEORGE T. PAGE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

A former decree of the Circuit Court of Adams county dismissing complainant's bill for want of equity upon a consideration merely of certain affidavits filed in said cause upon the motion of the defendant to dissolve a temporary injunction theretofore issued was reversed by this court, and the cause remanded for a hearing upon the merits. 151 Ill. App. 60. The scope and purpose of the bill filed by complainant is suffi-

ciently set forth in the former opinion of this court. Upon a final hearing by the chancellor in open court upon the consideration of the testimony of witnesses and documentary evidence a decree was entered modifying the temporary injunction theretofore granted and perpetually restraining the defendant from constructing a certain levee and from interfering with and obstructing the natural flow of surface water flowing into and upon the lands of defendant from the lands of complainant, only as to that part of said levee and that part of said quarter section lying between the southeast corner of defendant's land and a point 60 rods north therefrom, and dissolving said temporary injunction as to the remainder of said levee and the remainder of said quarter section. The decree further ordered and directed the defendant forthwith to remove all that portion of said levee so constructed by her between the said southeast corner of her quarter section and a point 60 rods north therefrom, and to restore the ground between said points to such condition as it was in prior to the construction of said levee. This appeal is prosecuted by the defendant to reverse said decree.

The complainant is the owner of the southwest quarter of section 26 and the defendant is the owner of the southeast quarter of section 27 town 1 north, range 9 in Adams county. Said quarter sections join each other, the complainant's being east of the defendant's and lie between bluffs about half a mile east of complainant's quarter and the Mississippi River, about a mile and a half west of defendant's quarter. Rock Creek flows west along the north boundary line of said quarter sections and on the south side of said creek a levee had existed for many years on the lands of the adjoining proprietors. In 1908 the defendant constructed and practically completed a levee upon her own land immediately west of the line dividing her land from that of the complainant, which levee when wholly completed was designed to extend from its con-

nection with the Rock Creek levee on the north to the highway running east and west along the south line of said quarter section.

Upon the former appeal we held that the bill alleged facts which if proved entitled complainant to the relief sought. It is now urged by the defendant that the evidence fails to sustain the allegations of the bill and that upon the hearing the bill should have been dismissed for want of equity.

The evidence heard by the chancellor is somewhat voluminous, forty witnesses having testified on behalf of the complainant and twenty-eight witnesses having testified for the defendant. An examination of the plats of the levels of the two quarter sections in question made by the civil engineers and appearing in the record discloses that the northeast corner of complainant's quarter is about five feet higher than the southeast corner of said quarter and from seven to eight feet higher than the southeast corner of defendant's quarter, and about four feet higher than the northeast corner of defendant's quarter. It is apparent from a consideration of these levels that surface water on complainant's land caused by rains or by the overflow of Rock Creek, would in conformity with the law of gravity flow in a southwesterly direction, and many of complainant's witnesses testified to their observation of facts from which it indisputably appears that surface water upon complainant's land from the overflow of Rock Creek flowed upon and over a portion of defendant's land at the southeast corner of her quarter section. Nearly all the witnesses in the case testified that the southerly portion of the levee as constructed by the defendant would retard the flow of such surface water from complainant's land and the mere fact that the defendant constructed such a levee confirms the truth of this testimony and conclusively shows that the purpose of the defendant in constructing said levee was to prevent the water on complainant's land from flowing over and upon her land.

We have no doubt from a consideration of the evidence that the greater part of the surface water on complainant's land caused by rainfalls flows off of his land in a more southerly direction to the highway, and that the flowage of such water in that direction is accelerated by some shallow ditches or dead furrows which run north and south in the west half of complainant's tract of land. What was accomplished by the ditches or dead furrows on complainant's land in carrying surface water almost due south to the highway was beneficial to the defendant, because in the absence of such ditches or dead furrows a portion at least of such surface water would have flowed in a southwesterly direction over and upon defendant's land. The contention on the part of defendant that the conduct of the complainant in utilizing the ditches or dead furrows upon his own land precludes him in some way from asserting a right of flowage of surface water in case of floods in the natural course of drainage over and upon the defendant's land is unsound. A somewhat like contention by the appellant in Pinkstaff v. Steffy, 216 Ill. 406, was considered by the court and held to be untenable.

Counsel for defendant places great reliance upon the case of Wills v. Babb, 222 Ill. 95, as supporting the right of defendant to construct and maintain the levee in question, and characterizes that case as seeming to be "a direct parallel with the case at bar." There is a wide difference in the facts in the two cases which clearly distinguished the case cited from the case at bar. In the case cited the water in Hadley creek had been diverted from its natural channel by the Caffrey cut and by the construction of certain levees and dikes, and to prevent the water so diverted from its natural channel from flowing upon their lands the appellees constructed a levee along the east side of their land whereby the water was diverted into a natural outlet. In the case at bar the levee in question was constructed by the defendant for the purpose of diverting from

her land surface water which in the course of natural drainage would flow thereon from the land of the complainant. ·

The allegations of the bill are in the main supported by the evidence in the record and the decree of the Circuit Court will be affirmed.

*Affirmed.*