SECOND DISTRICT—MARCH, 1913.        269

Joseph Schlitz Brewing Co. v. Travi et al., 179 Ill. App. 269.

## Joseph Schlitz Brewing Company, Appellant, v. Alfred Travi and Louis Corstorta, Appellees.

### Gen. No. 5,698.

1. CONTRACTS—*purchase and sale of beer.* A contract whereby defendant agrees to buy all the beer used in his saloon from complainant, who agrees to furnish it at a certain price, is good.

2. CONTRACTS—*sufficient consideration for contract to sell only one kind of beer.* That complainant furnishes defendant the use of certain fixtures is sufficient consideration for defendant's promise not to sell any other beer than that manufactured by complainant.

3. INJUNCTIONS—*breach of negative covenant.* Equity may enjoin the breach of a negative covenant, though it cannot specifically enforce an accompanying affirmative covenant.

4. INJUNCTIONS—*motion to dissolve temporary injunction.* Where a bill is filed to enjoin the sale of beer other than that furnished by complainant at a certain saloon, a motion to dissolve the temporary injunction is properly sustained when supported by an affidavit showing that there is no saloon located on the premises described.

5. EQUITY—*when improper to dismiss bill without a trial on the merits.* Where a bill is filed to enjoin the sale of beer contrary to a certain contract, there being no answer filed, it is error to dismiss the bill for want of equity on an affidavit of defendant that he never executed the contract.

6. EQUITY—*when improper to dismiss bill.* Where a bill alleges facts, which if true entitle complainant to the relief prayed, even though such relief be by injunction only, and a motion to dissolve is granted upon a consideration of *ex parte* affidavits, the bill should be retained for a final hearing on the merits.

Appeal from the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed in part, reversed in part, and remanded with directions. Opinion filed March 12, 1913.

JAMES J. CONWAY, for appellant.

W. A. PANNECK, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

This is a bill in equity filed February 28, 1912, in

the Circuit Court of Putnam county by appellant against appellees for an injunction restraining appellees from selling beer other than that furnished by appellant in the saloon occupied and operated by appellees in the village of Standard in said county. A temporary injunction issued in vacation on an order of the master in chancery; afterwards the court on motion of appellees and on affidavits read, dissolved the injunction and dismissed the bill for want of equity. Appellant assigns as error both the dissolving of the injunction and dismissing of the bill.

The bill set out in *haec verba* a written contract between appellant and appellee, Travi, dated October 20, 1911, in substance providing that Travi should handle exclusively beers manufactured and sold by appellant for the period of five years at block 7, lot 40, in the village of Standard, Illinois, and not within that period to purchase or sell other beer within one-half mile of said premises. That appellant in consideration of these promises by Tarvi should allow him the use of certain fixtures during the life of the agreement, reciting that in case of breach of contract, appellant does not intend to ask for a mandatory injunction, but it is agreed that it may have Travi enjoined in any court of competent jurisdiction from purchasing or using any other than Schlitz beer during the life of the agreement, as it would be impossible to ascertain with reasonable certainty damages resulting from a breach of the obligations. The contract is made binding upon heirs, executors, administrators and assigns and contains an agreement that Travi shall pay $6.50 per barrel on demand at time of delivery of beer and that appellant shall sell that brand of beer to Travi at that price during the life of the contract, subject to change in price if the internal revenue tax on beer should be increased; that if default be made in the payment for beer by Travi, appellant may refrain from furnishing other beer so long as such default continues and such failure should not be held a

breach of the contract by appellant, or a waiver of any of its rights thereunder. The contract purports to be signed by Travi and authorized agents of appellant.

The bill avers that appellant loaned and delivered to Travi the fixtures described in the contract and he immediately installed the same in his said saloon and has continued to use them there; that shortly after the execution of the contract and delivery of the fixtures, Travi refused to purchase from appellant, to sell in his saloon, all beer sold by him, but purchased only small quantities for that purpose of appellant, purchasing the larger part of the beer so sold from other parties; avers that Travi has pretended to take into partnership with him in said saloon business, the appellee Louis Corstorta, and they are now representing themselves sole proprietors and owners of said saloon business; that Corstorta had notice of appellant's rights in the premises and appellees have both been using said fixtures; that they have pretended to lease said premises to one Henry Hoerner and on February 12, 1912, executed a lease in writing to him for a term of three years, providing that he shall take possession March 1, 1912, and acknowledging payment by him of a year's rent in advance, but that such payment was made by check of Hoerner and he has stopped payment of said check and is therefore not liable to loss or injury if said lease is ordered canceled avers that each of appellants is financially irresponsible; waives answer under oath; prays that appellee may be ordered to surrender to Hoerner said lease and enjoined from selling and offering for sale in the saloon in the village of Standard, lately occupied and operated by the defendant, Travi, and now occupied by the defendants, Travi and Corstorta, any beer or beers not manufactured and sold by appellant, and from disposing of said saloon for the purpose of permitting other beers to be sold in said saloon and from surrendering said saloon or the premises to said

Hoerner in accordance with the terms of said lease and for other relief; prays for temporary injunction and for summons.

Briefly stated, the contract provides that Travi and his assigns should buy beer of appellant for sale in his saloon; that appellant would sell beer for such purposes at prices named, but does not expressly stipulate the quantity of beer to be furnished and sold or the time of delivery, and contains a positive negative covenant by Travi that no other beer should be sold on said premises, or within a half mile thereof, by him or his assigns. The contract is reasonably construed as one for purchase and sale of the requirements of Travi and his assigns for use in his saloon business at the place named; such contracts have often been held good in this state. National Furnace Co. v. Keystone Mfg. Co., 110 Ill. 427, and later cases. The fixtures furnished by appellant and used by appellee afford also a consideration for the undertaking on the part of appellee. We conclude that the agreement not to sell other beer was supported by a sufficient consideration.

The law is well settled that equity may interfere by injunction to prevent the breach of a negative covenant, although it cannot specifically enforce an accompanying affirmative covenant. High on Injunctions (4th Ed.) sec. 1164, and following sections; Anheuser-Busch Brewing Ass'n v. Dwyer, 150 Ill. App. 315; Welbourn v. Goggill, No. 17792 (1st Dist.), —— Ill. App. ——.

The bill on its face sets out a negative covenant, enforceable in equity. The court was advised by affidavits read on the hearing that the description in the contract of the premises on which the saloon was located was incorrect. That in fact, there were no premises in the village of Standard to which that description would apply, therefore there was no error in dissolving the temporary injunction; but if the bill

was good on its face, and we hold it was, it should not have been dismissed for want of equity, but should have been retained for a trial on the merits. It is said in appellant's brief that the hearing in the trial court was on "Motion to dissolve the injunction and an agreement that the case proceed the same as if an answer had been filed." No such agreement appears in the record. It does there appear that appellees' counsel entered a special appearance for the purpose only of moving to dissolve the temporary injunction that they presented affidavits showing that there was no such real estate as that described in the contract, and the affidavit of Travi denying that he executed this contract, or any written contract whatever with appellant; that appellant read an affidavit of one of its agents stating that said contract was executed by Travi and that the description of the premises was furnished by Travi. No answer was filed and the court not only granted the motion of appellees to dissolve the temporary injunction, but so far as the record shows, of its own motion dismissed the bill for want of equity and allowed appellant's exception to its action in so doing. There may have been other and further agreements at the time of the hearing, but we can consider only those disclosed by the record.

If the court treated the motion to dissolve as a demurrer the allegations of the bill were confessed by the demurrer and in disposing of the bill he could not know that the premises were misdescribed; that question could only be raised by answer, affording the complainant opportunity to amend its bill. Where the bill alleges facts, which if true, entitle the complainant to the relief prayed, even though such relief be by injunction only, and a motion to dissolve is granted upon a consideration of *ex parte* affidavits, the bill should be retained for a final hearing on the merits. Kallista v. Ahalt, 151 Ill. App. 60, and cases there cited. The controverted questions presented by the

affidavits, whether Travi in fact executed the written contract and if he did, whether there was failure on the part of appellant to furnish beer that would amount to a breach on its part, should not be decided on *ex parte* affidavits, but should be determined by the court on issues properly made and evidence introduced under the rules and practices of chancery procedure.

The order dissolving the injunction is affirmed and the decree dismissing the bill reversed, and the cause remanded with directions to the trial court to permit appellant to amend its bill if it so desires, and for further proceedings not inconsistent with this opinion.

*Affirmed in part and reversed in part and remanded with directions.*