# AUGUSTUS C. PROUT

## *v.*

# D. HERMAN LOMER *et al.*

1. APPEAL—*when it lies from decree disposing of injunction.* Where a bill is for an injunction only, an order disposing of the injunction disposes of the case, and from such order an appeal lies to the Supreme Court.

2. CHANCERY—*where one creditor has a lien on two funds and another creditor can reach only one of them.* The principle of equity, that, when a party has a lien or interest in two funds, out of either of which his debt can be paid, and another party has a lien or interest on one only of the funds for his debt, the latter has the right, in equity, to compel the former to resort to the other fund in the first instance for satisfaction, is applicable to sureties only.*

3. A bill was filed by one of the makers of a promissory note, to enjoin its collection, alleging that the note was given by the complainant for the accommodation of another, and was held by the party seeking to collect it, as collateral to the debt of the one for whose accommodation it was given, and that the party holding it had other and adequate security, and that the note was procured from complainant by fraudulent statements made by the party for whose accommodation it was given: *Held,* that there was no equity in the bill, and that the injunction granted upon it was properly dissolved.

4. PRACTICE—*time to object—insufficiency of affidavit in support of answer on motion to dissolve injunction.* Where an affidavit is filed in support of an answer to a bill for an injunction, as a ground for a motion to dissolve the injunction, objection to the affidavit that it was not sufficiently verified, and that it did not disclose the affiant's connection with the party defendant, or how he knew the facts stated in the answer, should be made in the court below, and will not avail if made for the first time in the appellate court.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Messrs. CHASE & CROOKER, for the appellant.

Messrs. HITCHCOCK & DUPEE, for the appellees.

---

* See *Rogers* v. *Meyers et al.* 68 Ill. 92; *Brown* v. *Cozard et al.* id. 178.

332        Prout *v.* Lomer *et al.*       [Sept. T.

Opinion of the Court.

Mr. Justice Breese delivered the opinion of the Court:

Two questions are presented by this record: First, and preliminary, Does an appeal lie in the case? Second, Is there equity in the bill?

In answer to the first question, it is only necessary to say, the bill of complaint filed was for an injunction, and that only. Disposing of the injunction disposed of the case. That an appeal lies in such case, is settled in *Titus et al.* v. *Mabee*, 25 Ill. 257, and subsequent cases.

Upon the second question, the bill charges that the notes, the collection of which is sought to be enjoined, were given by complainant for the accommodation of Lomer, and procured by fraudulent statements made by Lomer, and held by the bank as collateral to Lomer's indebtedness to the bank, alleging that the bank has other and adequate security.

The case is argued by appellant on the theory that he occupies the position of a surety, and can therefore direct the course the creditors shall pursue as to the principal debtor. He contends, the bank, having other and sufficient collaterals, is bound to exhaust them before calling upon complainant, and invokes the aid of an acknowledged principle of equity, that, when a party has a lien or interest in two funds, out of either of which his debt can be paid, and another party has a lien or interest on one only of the funds for his debt, the latter has the right in equity to compel the former to resort to the other fund in the first instance, for satisfaction, whenever it will not trench upon the rights or operate to the prejudice of the party entitled to the double fund.

This principle, we understand, is applicable to sureties only. Such may compel the creditor to resort to a fund in which he has an exclusive interest, before resorting to the fund to which the surety can only resort. But that is not this case. Appellant is in no sense a surety. He is the principal debtor on the note. *Cronise* v. *Kellogg*, 20 Ill. 11.

We are aware of no principle by which the bank can be compelled to any particular course in regard to such collaterals as it may have. We fail to perceive any obligation on the bank to convert its securities or do any other act at the instance of this party, if he was a surety. In certain cases, and this is not one, a security to a negotiable note may notify the holder to proceed against the principal, on the maturity of the note. Independent of this, a surety can not compel the holder to proceed against others before proceeding against himself, and exhaust such other remedies as he may have.

In the court below, the bill of complaint was fully answered, and affidavits were filed in support of the bill, and also in support of the answer. By these latter, it is shown the collaterals in possession of the bank are of uncertain value, and of small amounts, and including some crockery ware. An objection is now made for the first time, that the affidavit is not sufficiently verified; that it does not appear who Samuel W. Nickerson, the affiant, is, where he lives, or that he is in anywise connected with the bank, or how he knows the facts stated in the answer.

These were good objections, had they been made at the proper time. They were readily remedied, and, if made in the court below, all these facts could have been made to appear, as, that he was the president, the cashier, or a director of the bank, and familiar with its business.

Not perceiving any equity in the bill, we must affirm the decree dissolving the injunction.

*Decree affirmed.*