## THE SINGER AND TALCOTT STONE COMPANY
### v.
### WILLIAM E. WHEELER.

CREDITOR'S BILL—DISCOVERY AGAINST MUNICIPAL OFFICER FOR SALARY. —A judgment creditor has the right to file a bill against his judgment debtor for a discovery of debts due to him as salary for services as a county commissioner. Whether upon a disclosure of such indebtedness, it may be made available in the hands of a receiver to the payment of the judgment, is not decided. If the debtor has received a county order, he may be required to turn it over to a receiver, and if he has already drawn the money, it can be reached.

APPEAL from the Circuit Court of Cook county; the Hon. W. H. BARNUM, Judge, presiding. Opinion filed March 29, 1880.

Mr. H. M. MATTHEWS, for appellant; that the statute relating to garnishment does not extend to municipal corporations, cited Erie v. Knapp, 29 Pa. St. 173; Hawthorne v. St. Louis, 11 Mo. 59; Fortune v. St. Louis, 23 Mo. 239; Wales v. Muscatine, 4 Iowa, 302; Lyell v. Supervisors, 3 McLean, 580; Hadley v. Peabody, 13 Gray, 200; Whidden v. Drake, 5 N. H. 13; Bray v. Wallingford, 20 Conn. 416; City of Newark v. Funk, 15 Ohio St. 462; Browning v. Bettis, 8 Paige, 568; McCoun v. Dorsheimer, Clark, 144; Thompson v. Dixon, 3 Edw. 457; Tarbell v. Griggs, 3 Paige, 208.

Generally as to equity jurisdiction in cases of discovery: Angel v. Draper, 1 Vern. 398; Stillman v. Ashdown, 2 Atk. 477; Shirley v. Watts, 3 Atk. 200; Balch v. Westall, 1 P. Wms. 445; Taylor v. Jones, 2 Atk. 602.

Mr. CONSIDER H. WILLETT and Mr. D. W. C. CASTLE, for appellee; that an execution cannot issue against a municipal corporation, cited Chicago v. Halsey, 25 Ill. 598; Olney v. Harvey, 50 Ill. 453; Elrod v. Bernadotte, 53 Ill. 369; Odell v. Schroeder, 58 Ill. 353; Taylor v. The People, 66 Ill. 322; Knox Co. v. Arms, 22 Ill. 175; King v. McDrew, 31 Ill. 418.

A municipal corporation cannot be subjected to garnishment process: Mayor, etc. v. Root, 8 Md. 102; Chivley v. Brewer, 7 Mass. 260; Bulkley v. Eckert, 3 Barr, 368; Burnham v. The City, etc. 15 Wis. 194; McDougall v. Board, etc. 4 Minn. 184; Mayor v. Rowland, 26 Ala. 503; Bank v. Dibrell, 3 Sneed, 382; Hawthorn v. St. Louis, 11 Mo. 59; Triebel v. Colburn, 64 Ill. 376.

WILSON, J. This was a creditor's bill brought by appellant against appellee in the Circuit Court of Cook county.

The bill contains the usual averments in bills of this nature, the recovery of a judgment against the defendant, issue of execution, return of *nulla bona* by the sheriff, etc., and prays for a discovery by the defendant of his effects and property rights, and that he may specially set forth what is due him as county commissioner, and in what shape or form it is, and where the order for the same is, if any has been issued, and that he may be decreed to assign the same to complainant or to a receiver therefor to be appointed by the court, to draw such sum of money as shall be found to be due to said defendant from the county, and apply the same in payment of complainant's judgment.

The bill alleges that the defendant is one of the county commissioners of Cook county, and that there is due to him for services rendered in that capacity, a large sum of money, or that he has in his possession or in the possession of some person for his use and benefit, a large part of his salary as such commissioner, and prays that he may be enjoined from selling, transferring, or receiving any debts or demands due to him, or to which he may be entitled on book account or county orders, from Cook county, whether in his possession or in the possession of the county treasurer, or held by some other person in trust for him, and in which he has any interest.

A demurrer to the bill was filed by the defendant, and on the hearing of the same it was stipulated that the prayer for discovery, as well as the entire case, should be limited to the complainant's right to file a creditor's bill in respect to the salary of the defendant as county commissioner, all other questions being waived.

Singer & Talcott Stone Co. v. Wheeler.

In the printed briefs submitted to us the counsel have directed their attention mainly to the law of garnishment as it exists in this and other States, and its application to municipal corporations.  As neither the county nor the county treasurer are made parties, nor any relief sought against them, we fail to perceive the relevancy of the arguments on that subject.  No discovery is sought from the county, nor is any action proposed in respect to it, either by garnishment or otherwise.  So far as we can perceive, it is simply an ordinary creditor's bill, seeking a disclosure from a judgment debtor as to an alleged indebtedness of the county to him for his services as county commissioner, and praying that he be required to state whether the county is indebted to him, and in what amount, how the indebtedness is evidenced, whether by county orders or otherwise, and if by county orders, in whose possession they are; in short, to disclose the true condition of affairs in that behalf, to the end that a receiver may be appointed to receive any moneys or evidences of indebtedness belonging to the defendant, in order that the same may be applied in satisfaction of the complainant's judgment.  This is the entire scope and object of the bill.

The claim that his office of commissioner, or the circumstance that the indebtedness from the county to him for his salary as such officer, exempts him from liability to disclose, is sanctioned by neither reason nor authority.  For all the purposes of a discovery it is quite immaterial from whom the indebtedness is due, or how it is evidenced.  In whatever form it may exist, or however situated, a judgment creditor has the right to be informed as to its actual condition.  Whether it shall turn out upon the disclosure sought, that the indebtedness is unavailable in the hands of a receiver, or otherwise, is foreign to the present proceeding.  If the defendant has already received a county order, the court may require him to surrender it to the receiver; if he has drawn the money, and has it in his possession, or in the possession of a third person, it can be reached.  But it would be absurd to say that a debtor with the money in his pocket, should be excused from paying his creditor, because his money happened to have been earned by him as a public officer.

In New York the right of a creditor to obtain discovery and relief by a creditor's bill in respect to the salary of his debtor as a public officer, has been constantly recognized. Such right was conceded in a case where the judgment debtor was an Assistant United States Marshal. Browning v. Bettis, 8 Paige, 568; in the case of a postmaster: McCoun v. Dorsheimer, Clarke, 144; a custom house measurer: Thompson v. Dixon, 3 Edw. Ch. 457; and where the salary was that of a judge of one of the courts of the city of New York, Smith v. ———— 4 Edw. Ch. 653. The only limitation of the right is that the salary of a public officer must have been wholly earned before the filing of the bill. We are not aware that the question has been passed upon in this State, but as our statute in relation to creditors' bills is copied from the statute of New York, we are presumably governed by the decisions of the New York courts. But it is not necessary to invoke the statute, for as was said by Chancellor Walworth, in Tarbell v. Griggs, 3 Paige, 208, "it has been repeatedly decided that the statute is not introductory of a new principle, but is only in affirmance of what was considered by the court of *dernier ressort*, the legitimate jurisdiction of a court of chancery, previous to the adoption of the statute."

To the point made by appellee, that in order to reach the county by a creditor's bill, either it or some of its officers should be made parties, it is only necessary to say that if such was the object of the bill, the objection might perhaps have some force; but as that is not the purpose of the bill, and no relief is sought against the county, the objection falls to the ground.

We cannot doubt that the complainant made a proper case by his bill for the interposition of the court, and that the court erred in sustaining the demurrer and dismissing the bill. In the view we have taken of the case, it becomes unnecessary to consider the question as to the amount of damages assessed by the court on the dissolution of the injunction.

The decree of the court below is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.