### Albert Dallemand et al. v. Bank of Nova Scotia et al.

1. SURETIES—*Right to Require Holder to Proceed Against the Principal.*—In certain cases a security on a negotiable note may notify the holder to proceed against the principal, on the maturity of the note, otherwise he can not compel the holder to proceed against others before proceeding against himself, and exhaust such other remedies as he may have.

Memorandum. — In chancery. Bill for an injunction and relief. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 29, 1894.

The opinion states the case.

B. M. SHAFFNER, attorney for appellants.

DEFREES, BRACE & RITTER, attorneys for bank of Nova Scotia.

Mr. Justice Gary delivered the opinion of the Court.

The appellants are a partnership who were customers of the firm of Herman Schaffner & Co., private bankers, who failed in Chicago June 3, 1893. Not long before that failure the appellants had procured the discount by the bankers of two notes of $5,000 each, made by the appellants, which were not due when the bill here was filed.

The case made by the bill is that the appellants, at the time of the failure, had on deposit with Schaffner & Co. nearly enough to pay the notes; that Schaffner & Co. were borrowers from the bank to an amount not stated, and among the securities held by the bank are the two notes made by the appellants, and that the bank holds securities for the indebtedness of Schaffner & Co., to an amount exceeding $45,000 in excess of the indebtedness; that Schaffner & Co. are insolvent and will not pay ten per cent of their debts. In short, what the appellants seek is that the bank be required to realize upon its other collaterals first, so that when the bank is thereby paid, the appellants may have an opportunity to set off their deposits with Schaffner & Co. against the notes.

The bill avers that they offered to indemnify the bank and the offer is renewed in the bill.

The bill contains no offer to take the place of the bank, by paying to it what Schaffner & Co. owe, and taking the collaterals, and it is therefore not necessary to consider what they might have been entitled to, had there been such an offer.

On the bill as framed, their right to an account hangs upon their right to any final relief, and they fail to show any—assuming that the circumstances place the appellants in the position of sureties to the bank for Schaffner & Co.— as the appellants contend, and even then the remarks of the Supreme Court in Prout v. Lomer, 79 Ill. 331, apply: "In certain cases, and this is not one, a security to a negotiable note may notify the holder to proceed against the principal on the maturity of the note. Independent of this, a surety can not compel the holder to proceed against others before

proceeding against himself, and exhaust such other remedies as he may have."

·As said by the Supreme Court of Pennsylvania in Evans v. Duncan, 4 Watts, 24, " It may be very advantageous and all important to them (the bank) to receive their money with as little delay as possible; and being entitled to have received their debts long since, if they could have got them, it would therefore be contrary to both law and equity to pass a decree that would, in its effect, delay them in the receipt thereof a single minute longer than is indispensably necessary for a final determination of the controversy." This was said where the facts had no resemblance to those here, but the principle that equity regards the interests of creditors as well as of debtors, is well put.

The decree dismissing the bill is affirmed.