## Charles H. Requa et al., Ex'rs, etc., v. Alice M. Graham, Adm'r, etc.

1. ANNUITIES—*When Subject to the Debts of the Beneficiary.*—Where an annuity is to be deposited in a bank quarterly, to the credit of the beneficiary, subject to his order, and is a provision by the testator made in lieu of his rights and interests under our statute in the estate of his wife, it is subject to his debts.

2. STATUTES—*How Construed When Taken from Other States.*— Where a statute is taken from the statutes of another State, upon the same subject, and which has been construed by the courts of such State, the courts of this State will be governed by the decisions of such courts.

Creditor's Bill,—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 18, 1900.

Statement by the Court,—This is a creditor's bill by appellee, administratrix of the estate of James E. Graham, deceased, against appellants and John F. Nichols, to subject an annuity given to the latter by the will of Annie Elizabeth Nichols, wife of said John F. Nichols, to the payment of a judgment rendered against him January 24, 1878, in the Circuit Court of Cook County, for $4,436.13 and costs, which was revived at the December, 1891, term of said court and an execution issued thereon September 27, 1897, which was returned December 20, 1897, " no property found and no part satisfied."

The will of Annie Elizabeth Nichols, which was proven and admitted to record in the Probate Court of Cook County, Illinois, on the 10th day of February, 1897, among other devises and bequests, bequeaths to her husband, John Field Nichols :

" The annual sum of eighteen hundred dollars during his natural life, to be paid quarterly in equal installments of four hundred and fifty dollars each, and deposited to his credit in the Merchants' Loan & Trust Co. Bank, or some other Chicago bank, subject to his order, which annuity shall be in lieu of any and all other interest in my estate to which he would be entitled."

The will also makes devises of real estate to different parties and gifts of numerous items of personal property to different legatees. By a codicil dated June 16, 1892, attached to said will, and proven and admitted to record at the same time, it was stated as follows :

" I have already advanced to my said husband and expended for his use so large an amount, and the probable net income of my estate will be so small, that I do not deem it just to burden my daughters (naming them) with so large an annuity for his benefit as is provided for in said will, and I hereby direct that a yearly or annual sum of twelve hundred dollars shall be paid to him in the same manner in said will provided for, which provision shall be in place and lieu of all estate, claim, right and provision to which he is or may or would otherwise be entitled either by virtue of the law of the land or under the provisions for his benefit contained in my said will."

John F. Nichols filed no renunciation of the terms of said will.

The inventory of the estate of the said Annie Elizabeth Nichols, which was approved by said Probate Court, shows real estate of the value $37,500, and personal property of the value of $33,592.67, which came to the hands of appellants as executors under said will.

Besides all the matters above stated, the master to whom said cause was referred to take proof and report his conclusions thereon, found, and the evidence sustains the findings, that John F. Nichols is seventy years of age, is infirm in health, and is now residing in Seattle; that he has no property or business, and is physically incapable of following any occupation for a livelihood, and that he has an invalid daughter, to whose support he contributes to the extent of his ability; that said annuity is a provision given by said testatrix out of her separate estate for the support and mainte-

nance of said Nichols during his natural life, and that the whole of said annuity has been and is expended by him for his support and maintenance, and is only sufficient to support and maintain him in the manner of living to which he is and has been accustomed; that said Nichols is lacking in business capacity, and said testatrix had taken her affairs out of his hands prior to her death; that $600 has been paid Nichols since the beginning of this suit, one-half of which was paid after the service of process upon appellants.

On a hearing before the court, on exceptions to the master's report, said John F. Nichols having been defaulted and the bill taken as confessed by him, the report was confirmed, and the court, after finding the matters hereinabove stated, and that since the commencement of this suit and service on appellants there has become due $1,200 on said annuity, and there was due from said John F. Nichols to the complainant upon said judgment $4,447.63, with interest at six per cent per annum to July 1, 1897, and five per cent thereafter until paid, decreed that said appellants, as executors, pay to the solicitors for complainant, within thirty days, the sum of $1,200, the installments of said annuity then due, and that said appellants pay to said solicitors, "from the assets of said estate of Annie Elizabeth Nichols, all installments of said annuity as they hereafter severally become due, until said judgment and interest thereon is fully paid, and that said executors pay the costs of this suit."

WALKER & PAYNE and PARTRIDGE & PARTRIDGE, attorneys for appellants.

B. W. ELLIS & SON, attorneys for appellee.

MR. JUSTICE WINDES, after making the foregoing statement, delivered the opinion of the court.

It is claimed by appellants, first, that the court acquired no jurisdiction of the principal defendant, John F. Nichols; second, that the evidence was insufficient to support the

decree; and third, that appellee has no just or legal claim to the annuity given by said will to John F. Nichols.

We have deemed it unnecessary to set out the details as to how the court acquired jurisdiction of the principal defendant, John F. Nichols, because the point of contention of appellants is that the record fails to show jurisdiction of this defendant for the reason that he was defaulted after publication notice, pursuant to the statute in such case made and provided, and the record failed to show when such publication was made.

Since the filing of appellants' brief this defect, if any, in the record, has been supplied by a supplemental record, which shows that the notice of publication in all respects was regular and sufficient to give the court jurisdiction.

Numerous contentions are made by appellants as to different matters with respect to which it is claimed the appellee failed to make proof of the allegations of her bill. We have considered them all, and regard the proof sufficient. We have deemed it necessary only to refer to the claims that there is no proof that the judgment was revived; that it had not been paid; as to the finding of the master that the judgment was recovered in 1898; and the part of decree directing appellants to pay the costs. It appears from a certified copy made by John A. Cooke, clerk of the Circuit Court of Cook County, Illinois, certified by him to be a true, perfect and complete copy of an order entered of record upon the 7th day of January, 1892, in a certain cause lately pending in said court, wherein James E. Graham was plaintiff and John F. Nichols was defendant, that it appeared to the court that said defendant had been duly notified of the pendency of said cause by publication, according to the statute in such case made and provided; that his default had been entered of record, and that at the January term, 1878, of said court, to wit, on the 24th day of January, 1878, said plaintiff recovered a judgment against said defendant for the sum of $4,436.13 and costs, and that said judgment still remains in full force and effect, and is in no wise set aside, paid or satisfied; and the court thereupon ordered that said judgment for said amount and costs

against said defendant be and the same was hereby revived and had the same force and effect as at the original rendition thereof, and that execution issue therefor. This we regard as sufficient proof of the recovery and revival of the judgment and that it still remains unpaid.

This proof also overcomes the error of the master in finding that the judgment was recovered in 1898 (which was evidently a clerical error), and conforms to the finding in the decree of the court.

The provision of the decree that appellants pay the costs of the suit is proper, in view of the finding of the master, which is supported by the evidence, that $600 had been paid by appellants to Nichols since the beginning of the suit, one-half of which payment was made after the service of process upon appellants. Moreover, appellants have assigned no error in this respect, and therefore are precluded from now insisting on this objection to the decree.

Under the third claim of appellants it is contended that the provision made by Mrs. Nichols in her will is such that it is expressly excepted under our statute regarding creditors' bills (chapter 22, section 49), which provides that where " a trust has in good faith been created by, or the funds so held in trust has proceeded from, some person other than the defendant," and therefore appellee can not reach the annuity in question by her bill. The case of Steib v. Whitehead, 111 Ill. 252, is especially relied on as supporting this contention. The trust under consideration in that case was of certain real estate which the trustees were directed to keep well rented, pay taxes, make repairs, insure against damage by fire, and " to pay over all remaining rents and income in cash into the hands of my said daughter Juliette in person, and not upon any written or verbal order, nor upon any assignment or transfer by the said Juliette," and at the death of Juliette the trust estate was to cease and the land vest in her heirs, and in default of such heirs, then to descend to the heirs of testator then living. It was held that the net income of the estate devised was not liable to garnishment in the hands of the trustees for the debts of the beneficiary, and the court said, among other things :

" The property was not placed in her possession so that she might appear as owner when she was not, and thereby obtain credit. An examination of the public records would have shown that she had no power to sell or assign her equitable interest, that the extent of her right was to receive the net accumulations of the trust estate from the hands of the trustee, and that these accumulations did not become absolutely hers so as to render them subject to legal process for her debts until actually paid to her."

The case at bar is, in our opinion, widely different. The annuity was to be deposited in a bank quarterly, to the credit of Nichols and subject to his order, and was clearly a provision by the testator made in lieu of Nichols' rights and interests under our statute in the estate of his wife, of which he could not be deprived by will. It was subject to his order at any time, and therefore subject to his debts.

Moreover, the provision of the statute above quoted and relied upon by appellants is taken literally from the New York statute upon the same subject, which has been construed by the New York courts, and such being the case the courts of this State will be presumably governed by the decisions of the New York courts. Campbell v. Foster, 35 N. Y. 361–6; Degraw v. Clason, 11 Paige, 140; Clute v. Bool, 8 Paige, 86; Williams v. Thorn, 70 N. Y. 270; Singer & Co. v. Wheeler, 6 Ill. App. 225; Young v. Clapp, 147 Ill. 187.

The two last cases above noted, while they do not consider the particular clause of our statute here under consideration, hold in effect that our courts will adopt the construction given to the same statute by the New York courts as to other provisions in it.

The Campbell and Williams cases, *supra*, while they discuss the provision of the New York statute which we have adopted, relate to another provision of the statute, which allowed the creditor to reach the surplus income from trusts which came within the express provisions of the part of the statute adopted by our State, beyond what was necessary for the suitable support and maintenance of the *cestui que trust* and those dependent upon him. The cases, however, approve of the previous decisions of the New York courts

as to that part of the statute of New York adopted by Illinois.

In the Clute case, *supra*, the court say :

" If the life interest of the defendant in the fund is of such a nature that he can sell and dispose of it without restriction or limitation, then according to the decision of this court in the case of Hallett v. Thompson, (5 Paige, 583,) the whole annuity may be reached at once and applied to the payments of his debts without reference to his present or future wants."

In the Degraw case, *supra*, an annuity for life or widowhood in lieu of dower was held subject to a creditor's claim, and the court said :

" I can see no ground whatever for considering this bequest as a trust, any more than in the case of an ordinary pecuniary legacy payable immediately and charged upon the real estate as well as upon the personal estate of the testator generally."

Moreover, the annuity in question was a mere offer by Mrs. Nichols to her husband for his interest in her estate. As we have seen, there was real estate of the value of $37,500, in which he was entitled to a life estate of one-third. There was also personalty of the value of more than $30,000, of which he could have taken one-third by renouncing the annuity. He was at liberty to accept or reject the annuity, and having elected to accept it, he took it as a purchaser, and it is subject to his debts the same as any other legacy. The Degraw case, *supra;* Blatchford v. Newberry, 99 Ill. 11; Carper v. Crowl, 149 Ill. 479; Isinghart v. Brown, 1 Ed. Ch. 413.

We find nothing in a stipulation in the record referred to by counsel, which would in any way change the findings of the master and the court, or which would in any way tend to modify, in our opinion, the clear provisions of the will, which show that the annuity was given in lieu of the dower and other interests of Nichols in his wife's estate, and place it upon the same basis as that of an ordinary legacy, and therefore subject to his debts. The decree of the Superior Court is affirmed.