### John S. Wren v. Samuel C. Dooley.

1. COMMON LAW—*Decisions, When Applicable as Precedents Under Statutes.*—When a statutory provision introduces no new principle but is merely affirmative of the common law, decisions of the common law are applicable as precedents after the enactment of the statute.

2. BILLS OF DISCOVERY—*When They Will Lie to Reach the Salary of a Public Officer.*—When a court of law is incompetent to reach the property of a defendant in execution, either by reason of its peculiar character, as the salary of a public officer, or by inability to discover it, a bill in equity against such defendant for a discovery, is the only adequate remedy to reach the property.

Creditor's Bill, to reach the salary of a public officer. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

L. C. HAY, attorney for appellant.

HENRY S. DOOLEY, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a creditor's bill filed by the appellee against appellant for the purpose of reaching $300 alleged to belong to appellant as superintendent of schools of McLean county, to be paid him through the medium of an auditor's warrant upon the state treasurer. The bill avers the usual matters of judgment, execution and due return of no property found, and that appellant is insolvent and has no property subject to execution. The bill then avers that there is due to appellant, and fully earned, from McLean county, to be paid by the state auditor out of said county's

proportion of the State school fund, the sum of $300, which amount has accrued to the appellant as salary in his capacity of county superintendent of schools of McLean county, for the quarter ended June 2, 1900, and that said sum ought, in equity, to be applied in satisfaction of the judgment of appellee against appellant. The bill then prays that defendant be compelled to discover and set forth all the facts and circumstances in regard to the alleged salary, and prays an injunction restraining him from assigning or collecting the warrant, asks that a receiver be appointed to receive and collect the same, and apply it to the discharge of the judgment, and for general relief. An injunction was issued as prayed in the bill. Defendant appeared and demurred to the bill, but the court overruled the same, and defendant abiding by his demurrer the court gave its decree in accordance with the prayer of the bill, appointed a receiver to take and collect the warrant and pay the same upon the judgment, made the injunction perpetual, and directed the appellant to indorse and deliver the warrant to the receiver. To reverse the decree, this appeal is brought.

It is argued against the decree that writs of garnishment and creditors' bills, like this, are, in effect, instituted for the same purpose, and that it is contrary to public policy to permit the garnishment of a public corporation, upon the same ground and for like reasons a creditor's bill against the State can not be sustained. If the county, or the State, was a party to the suit, we have no doubt the decisions cited by counsel to support this point would have force. Neither county nor State, nor the disbursing officer of either, is a party to this suit, nor, so far as the purposes of the bill are concerned, a necessary party. From none of these is any relief sought. The entire scope and object of the bill is to compel a disclosure from a judgment debtor, as to an alleged indebtedness to him, to the end that a receiver may be appointed to receive money, or the warrant for money, in order that the same may be applied in satisfaction of the complainant's judgment. The point made, and the authorities in support of it, is therefore without force. Section

forty-nine of the chancery code, relative to the issuance of execution and the return of it unsatisfied, in whole or in part, as a preliminary to the right to file a creditor's bill, introduces no new principle and is but affirmative of the common law; therefore decisions under the common law are applicable as precedents since the enactment of the statute. A court of equity will never lend its aid where there is an adequate remedy at law. It must, therefore, appear that a court of law is incompetent to reach the property of the defendant in execution, either by reason of its peculiar character, or by inability to discover it. Durand & Co. v. Gray, 129 Ill. 9. In the case presented, a court of law is incompetent to reach the property described in the bill because of its inability to discover it, and when discovered because of its peculiar character. The warrant in the hands of the disbursing officer is neither subject to execution nor garnishment, and when it or the money is in the pocket of the debtor the court of law is likewise incompetent to reach it. A bill in equity against the debtor for discovery is the only adequate remedy to reach the property. Suppose the defendant had no property subject to execution, as the averments of the bill demonstrate, but he was receiving from the State a stated salary of $5,000 per year, payable on a given day, and on such day it was delivered to him. Go a step further and assume it had been paid to him, and he had the money in his personal possession. In either case a court of law would be incompetent to reach it by garnishment or execution. Is it to be supposed our system of jurisprudence is so weak and inadequate as not to furnish a remedy to compel payment of a judgment under such circumstances? Surely not. A bill for discovery in such a case is an appropriate remedy; and when, as here, the bill avers that defendant had the particular property described, or in other cases where discovery is sought and a disclosure of particular property obtained—in either case such facts render proper the appointment of a receiver, and granting an injunction to preserve the property for creditors. By demurring to the bill defendant admitted that he had the property in his pos-

session or control. The same, therefore, ought to be applied to the debt here decreed against him, and there is no sufficient objection to his being restrained from putting it out of his hands, and being required to surrender it into the possession of a receiver, to be appointed for the payment of the sum found due by the decree. Runals v. Harding, 83 Ill. 75, and cases cited. The case of Singer & Talcott Stone Co. v. Wheeler, 6 Ill. App. 225, is similar to the one we are considering, and the reasoning and conclusion of the court in that case are strongly applicable to the facts in this.

The decree of the Circuit Court was right and it will be affirmed.