## MARY CAHILL

*v.*

## ELIZABETH H. WELCH.

*Opinion filed February 17, 1904.*

APPEALS AND ERRORS—*appeal does not lie where suit is voluntarily terminated.* An order dissolving an injunction granted as merely incidental to the main relief prayed in the bill is interlocutory, and if an answer denying the facts alleged is filed, the dismissal of the bill by complainant after the injunction is dissolved is a voluntary termination of the suit and an appeal will not lie.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This was a bill filed in the superior court of Cook county by the appellant, against the appellee, to restrain appellee from interfering with her possession of certain premises described in the bill, by writ of possession, forcible detainer or otherwise, and for other relief. The appellee, prior to the time of filing the bill, had foreclosed a mortgage on the premises, executed to her thereon by one Edward T. Cahill, the son of the appellant, and as purchaser at said foreclosure sale held a master's deed for the premises. The bill as amended averred that the appellant was in possession of the premises prior to the execution of said mortgage; that she had a homestead therein and that she was not a party to the foreclosure proceeding, and prayed that as to her the foreclosure proceeding be decreed to be null and void and set aside as a cloud upon her title; that she be decreed to be entitled to the possession of the premises during her natural life, and that the appellee be restrained from interfering with her possession of said premises and from removing therefrom her household furniture and other personal property situated thereon. A temporary injunction was issued in accordance with the prayer of the bill. The appellee

filed an answer denying the allegations of the bill as amended, and entered a motion to dissolve the injunction, which was heard upon bill, answer and affidavits, and an order was entered dissolving the injunction. The appellant then sought to have the court dismiss the bill, which the court declined to do, and, upon suggestions filed, assessed the damages of the appellee on account of the wrongful suing out of said injunction at $350 and gave judgment in favor of appellee for that sum, and announced that the bill would be retained for final hearing, whereupon the appellant moved the court to dismiss her bill, which motion was allowed and the bill was dismissed at her costs. The appellant then prayed an appeal to this court from the order dissolving the injunction and allowing the appellee to file suggestions of damages, and the assessment of damages, which appeal was perfected.

JAY EDWIN REEVES, for appellant.

WILLIAM C. RIGBY, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The appellee has entered a motion in this court to dismiss the appeal on the ground that the suit was voluntarily dismissed by the appellant, which has been reserved. An order dissolving an injunction is interlocutory, and not final, and an appeal does not lie from such order; (*Knapp* v. *Marshall*, 26 Ill. 63; *Weaver* v. *Poyer*, 70 id. 567; *Williams* v. *Chicago Exhibition Co.* 188 id. 19;) but where the sole object of a bill is to obtain an injunction, and a demurrer is filed or a motion is made to dissolve the injunction upon the face of the bill, and the injunction is dissolved because the facts stated in the bill, when admitted to be true, are not sufficient, in law, to authorize an injunction to issue, the suit is virtually at

an end, and the court, or the complainant, may dismiss the bill, and an appeal or writ of error will lie from such decree. (*Titus* v. *Mabee*, 25 Ill. 232; *Weaver* v. *Poyer, supra; Prout* v. *Lomer*, 79 Ill. 331; *Williams* v. *Chicago Exhibition Co. supra; Goddard* v. *Chicago and Northwestern Railway Co.* 202 Ill. 362.) That, however, is not the rule when other relief is sought by the bill, or when an answer has been filed and the court dissolves the injunction upon a consideration of the facts set up in the answer. (*Beams* v. *Denham*, 2 Scam. 58; *Titus* v. *Mabee, supra; Weaver* v. *Poyer, supra; Prout* v. *Lomer, supra; Williams* v. *Chicago Exhibition Co. supra; Goddard* v. *Chicago and Northwestern Railway Co. supra.*) In that state of case the court should retain the bill and enter such decree as the law and the facts may require after final hearing. The appellant, by her bill, sought to have the court decree that she was entitled to the possession of the premises during her natural life, and to have the decree foreclosing said mortgage set aside as null and void as to her, as a cloud upon her title. The injunction prayed for in the bill was incidental only to the principal objects of the bill, and an answer having been filed by the appellee denying all the facts upon which the relief prayed for was predicated, the court could not determine such facts and dispose of the entire subject matter except upon final hearing. The order dissolving the injunction was interlocutory, and when the appellant, after that order was entered, dismissed her bill, the suit, by her own act, was terminated, and she having voluntarily ended the litigation, an appeal by her to review the record made in the progress of the suit will not lie.

The appeal will therefore be dismissed.

*Appeal dismissed.*