**George J. Stamatakos and Tom Stamatakos, copartners, Appellants, v. John F. McCaffrey and John P. Geary, Appellees.**

### Gen. No. 17,712.

1. INJUNCTIONS—*motion to dissolve preliminary.* A motion to dissolve a preliminary injunction based on a want of equity apparent on the face of the bill has the same effect as a demurrer to the bill, and the facts well pleaded are to be taken as true.

2. APPEALS AND ERRORS—*appealable orders.* An order dissolving a preliminary injunction is interlocutory and not appealable.

3. INJUNCTIONS—*when bill may be dismissed on sustaining motion to dissolve temporary injunction.* Where the only relief sought is an injunction, the court on sustaining the motion to dissolve the temporary injunction may properly dismiss the bill, but where other relief is sought which may be granted upon final hearing, the bill should be retained.

4. EQUITY—*bill should not be dismissed when amendable.* Bill should not be dismissed on the ground of want of equity on its face unless it is manifest that no amendment can help it.

5. EQUITY—*when error to dismiss creditor's bill.* Where complainant, a judgment creditor of defendant, filed a creditor's bill

seeking a discovery of defendant's assets, and a temporary injunction is granted, it is error when the injunction is dismissed on motion of defendant to also dismiss the bill.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed February 13, 1913.

RICHARD H. PETERSON, for appellants.

No appearance for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On December 16, 1910, appellants filed a creditor's bill in the Circuit Court of Cook county against McCaffrey. The bill contained the usual averments in bills of this nature. It set forth recovery of a judgment in the Municipal Court of Chicago on May 17, 1910, against McCaffrey, "impleaded with one John P. Geary," for the sum of $74, the issuance of an execution, and the return of the execution "no part satisfied" by the bailiff. The bill alleged that on September 17, 1910, complainants caused McCaffrey to come before the Municipal Court on a citation, and that upon the hearing thereof McCaffrey testified that he was employed by the city of Chicago as an inspector in its water department, and was compensated by said city at the rate of $100 per month, and that he refused to turn over said salary or any part thereof in satisfaction of said judgment. The bill further alleged that at the time of the recovery of the judgment McCaffrey was and for a long time prior thereto had been employed by said city as an inspector in its water department, and that in the course of said employment the city became indebted to him in a large amount; that said city is now indebted to him in the sum of more than $100 for services rendered; that by reason of the city being a municipal corporation it is not pos-

sible to reach said sum by garnishment proceedings and because of this fact complainants "do not make the city of Chicago a party defendant to this bill." The bill further alleged that McCaffrey has other debts due him to a large amount, for which he holds securities and evidences, has divers goods and articles of personal property which belong to him, or in which he is beneficially interested, has money deposited in some bank or elsewhere to his credit, is beneficially interested in real estate or in the rents, issues and profits thereof, and has equitable interests and things in action of the value of more than $100 which ought to be applied to the payment of said judgment.

The bill prayed that McCaffrey set forth and discover the nature, situation, amount and value of all his property, interests and effects, and whether he has not a debt due him from said city in the sum of $100 or more, and whether he has not other debts due him, etc., that he be decreed to pay the amount due on said judgment, that he be enjoined, etc., and that a receiver be appointed, etc.

On the day the bill was filed the court, on complainants' motion, granted a preliminary injunction against McCaffrey enjoining him "from selling, assigning, transferring, delivering, negotiating, discharging, receiving, collecting, incumbering, or in any way disposing of or intermeddling with, any debts or demands due to him, or any bills, drafts, bonds, checks,   *   *   * whether in his possession or not." The injunction writ was served upon him on December 20, 1910, and on February 2, 1911, he filed a special demurrer to the bill, which demurrer was sustained by the court, on the ground that Geary was not made a party defendant, and complainants were given leave to amend their bill by making Geary a party, which they did, and Geary was served with summons but did not enter his appearance.

On April 3, 1911, complainants moved the court for

a rule upon McCaffrey to show cause why he should not be adjudged to be in contempt for violating the injunction, which motion was continued, and on April 25, 1911, McCaffrey made a counter motion to dissolve the preliminary injunction upon the face of the bill, and after arguments of counsel the court sustained the motion and dissolved said injunction and also entered a decree, on McCaffrey's motion, that the bill be dismissed at complainants' costs.   Complainants have appealed to this court assigning as error that the court erred in dissolving said preliminary injunction and in dismissing complainants' bill.   No appearance has been entered in this court by appellees.

A motion to dissolve a preliminary injunction based on a want of equity apparent on the face of the bill has the same effect as a demurrer to the bill, and the facts that are well pleaded in the bill are to be taken as true.   White v. Y. M. C. A., 233 Ill. 526; Bennett v. McFadden, 61 Ill. 334.   An order dissolving a preliminary injunction is interlocutory, and not final, and an appeal does not lie from such order.   Cahill v. Welch, 208 Ill. 57; Williams v. Chicago Exhibition Co., 188 Ill. 19, 26.   If the only relief sought by the bill is an injunction, the court, on sustaining the motion to dissolve the temporary injunction, is not required to retain the same for hearing of pleadings and proofs, but may properly dismiss the bill.   Cahill v. Welch, *supra;* Field v. Village of Western Springs, 181 Ill. 186; American Live Stock Commission Co. v. Chicago Live Stock Exchange, 143 Ill. 210, 240.   But if relief other than the injunction is sought the rule is different.   Titus v. Mabee, 25 Ill. 257; Cahill v. Welch, *supra.*   When an injunction is collateral to the main object of a bill, and other relief is sought which may be granted upon final hearing, the bill should not be dismissed on dissolution of the injunction, but should be retained and proceed to such final hearing.   Goddard v. Chicago & N. W. R. Co., 202 Ill. 362, 365.   And

a bill should not be dismissed on the ground of want of equity on its face unless it is manifest that no amendment can help it. Thomas v. Adams, 30 Ill. 37; Leonard v. Arnold, 244 Ill. 429, 433.

We are of the opinion that the trial court erred in dismissing the bill. It is evidently brought under the provisions of section 49 of the Chancery Act. It seeks, among other things, a discovery from the defendants, and we think the allegations of the bill are sufficient for that purpose. No reason is perceived why the defendant, McCaffrey, should not be required to answer the bill. First Nat. Bank of Sioux City v. Gage, 79 Ill. 207; Singer & Talcott Stone Co. v. Wheeler, 6 Ill. App. 225; Wren v. Dooley, 97 Ill. App. 88. Whether or not the court erred in entering the interlocutory order, dissolving the temporary injunction, which was in aid of the relief sought by complainants, is a question which is not before us.

The decree of the court below in dismissing the bill is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*