## Bill Board Publishing Company, Appellant, v. F. C. McCarahan and Michael Zimmer, Appellees.

### Gen. No. 17,392.

INJUNCTIONS—*action at law.* Where after an erroneous order dismissing a bill for an injunction against the prosecution of an action at law has been entered, the action at law is prosecuted to a judgment, a bill for an injunction to restrain the enforcement of such judgment is properly dismissed, the order of dismissal of the previous injunction having been merely erroneous and not void.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 26, 1913.

SIMMONS, MITCHELL & IRVING, for appellant.

J. S. McCLURE and WILLIAM STREET, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This is the appeal described as cause No. 17,392 in the statement prefixed to the opinion in cause No. 17,366, contemporaneously filed.

The decree appealed from was entered by the Superior Court of Cook county on March 2, 1911, and dismissed at complainant's costs and a bill in chancery

filed in said Superior Court by the Bill Board Publishing Company against McCarahan, on February 6, 1911. This bill was based, as its whole tenor shows and as the arguments of appellants in this court assert, on the position from which in the opinions in Nos. 17,366, 17,313 and 17,253, we have expressed our dissent, namely, that the order of the circuit court entered March 10, 1910, dismissing the bill of the Bill Board Publishing Company was void and a nullity and left the injunction in full force; thus rendering the judgment at law against the Bill Board Publishing Company, entered by Judge Windes on December 21, 1910, at the instance and through the prosecution of his suit at law by McCarahan, invalid and unenforceable.

The faith of the parties interested in this erroneous position and the determination to vindicate it, seems even to have led to a postponement of that proceeding which we deem and have decided to be the proper one to correct the error made by the circuit court by its order of March 10, 1910, until after the suit in equity at bar was brought and a temporary injunction obtained and on hearing dissolved.

This dissolution took place on February 17, 1911, and the writ of error to the circuit court to reverse the order of March 10 was not sued out until February 24.

We see no error in the action of the Chancellor of the Superior Court in dissolving the injunction, the action which led to the dismissal of the bill of complaint. If the scope of the bill was limited by the prayer for an injunction, the complainant, although dismissing its bill of its own motion, had a right to appeal. As the prayer of the bill, however, couples with the prayer for an injunction against the enforcement of the judgment at law a prayer in the alternative that the said judgment be set aside and vacated, there may be doubt under the doctrine of *Cahill v.*

*Welch,* 208 Ill. 57, whether this appeal will lie. The appellee taking the view that it will not, has inserted in his argument herein a motion to dismiss the appeal. Giving appellant the benefit of the doubt, however, and entertaining this appeal, we must affirm the decree of dismissal. The order of dismissal of the bill in the circuit court of March 10, 1910, was not void or a nullity. In refusing to take any part in the trial of the law suit before Judge Windes, the defendant was acting at his peril. There being no injunction at that time in force, the court of law and its officers were right in proceeding when called into action. The Superior Court rightly so held, and its order of March 2, 1911, dismissing the bill of the Bill Board Publishing Company is affirmed.

*Affirmed.*