## Anthony H. Quitsow, Appellant, v. James F. Hennessey, Appellee.

### Gen. No. 44,740.

Opinion filed June 29, 1949. Released for publication July 18, 1949.

RICHARD J. ZAVERTNIK, LOUIS P. YANGAS and I. B. GOODE, all of Chicago, for appellant.

LOUIS I. FISHER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a creditor's suit (Sec. 49, Chancery Act; Chap. 22, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 106.12]) against a public employee. The Chancellor on defendant's motion struck the complaint and dismissed the bill. Plaintiff has appealed.

Plaintiff's judgment for $329.50 entered in June, 1933, was revived by scire facias in October, 1947. Execution issued for $532.62, including interest and costs and allowing for payment on account, and was

returned "no property found and no part satisfied." This suit was filed June 22, 1948. The ground of defendant's motion was the insufficiency of the complaint in that the salary of defendant, an employee of the Sanitary District of Chicago, was not subject to a creditor's suit.

In addition to the foregoing facts, the complaint alleged defendant's employment and salary due him from the Sanitary District. It prayed discovery of property, etc., in his hands or in other hands for him and of information regarding sales, etc., of his property. It also prayed for an injunction restraining defendant from collecting or alienating the wages due him from the Sanitary District and for the appointment of a receiver to collect the wages due or to become due to be applied upon the debt.

We shall consider the question of the injunction and the appointment of a receiver as decisive. Without these the discovery sought in the case is ineffectual. There is a prayer that defendant be ordered to endorse and deliver warrants, vouchers, or checks due or to be due him from the Sanitary District. No one is designated however to whom delivery should be made.

Garnishment proceedings against municipal corporations are precluded under a public policy striving for efficiency in administration of government which is not consistent with expensive and vexatious litigation in which the municipality has no interest; *Merwin v. City of Chicago*, 45 Ill. 133. Creditors' suits like plaintiff's are also precluded against municipalities for the same reason. *Addyston Pipe Co. v. City of Chicago*, 170 Ill. 580. Plaintiff concedes these rules of law but seeks to distinguish his case on the ground that his suit is not against a municipality.

We think plaintiff's case cannot be distinguished in substance. The appointment of a receiver to collect defendant's salary from the Sanitary District draws that municipality into the influence of the litigation.

The Sanitary District would have to have knowledge of the appointment. Presumably it would have to investigate the legality of the appointment. Should the receiver, for some reason, not be satisfied with the treatment accorded him, he might proceed through court to coerce better cooperation. The Sanitary District might for some reason, wish to resist paying the receiver and thus subject itself to a legal proceeding. This court in *Lamb v. Lamb,* 256 Ill. App. 226, where the City of Chicago was not a party, reversed an order holding the City comptroller and deputy in contempt for refusing the demand of a receiver appointed to collect an employee's salary. We consider it unnecessary to speculate upon the vexation to which the Sanitary District would be put through an employee obeying an injunction against collecting his wages.

In the *Lamb* case the late Justice O'Connor said this Court was bound by the decision in the *Addyston* case; that it was useless to discuss the cases of *Wren v. Dooley,* 97 Ill. App. 88 and *Singer & Talcott Stone Co. v. Wheeler,* 6 Ill. App. 225; and that the fact that the City of Chicago was not made a party did not alter the legal principle involved. The court went on to point out the consequences of appointing receivers to collect the wages of the City's employees.

Plaintiff here relies principally on the *Dooley* and *Wheeler* cases. We are of the opinion that the instant case comes within the principle of decision in *Merwin v. City of Chicago,* 45 Ill. 133. The probable consequences of permitting the injunction and appointment of a receiver in this case to stand are interference with, and the interruption of, the efficiency of administration of municipalities and their involvement in expensive and vexatious litigation. We think the Chancellor correctly decided the question before him.

For the reasons given the order is affirmed.

*Order affirmed.*

Burke, P. J., and Lewe, J., concur.